IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GUADALUPE ADAMS,

    Plaintiff,

v.                                                      Case No. 6:14-CV-1409-JTM-KGG

KEYSTONE PROPERTIES, INC.
A Foreign Corporation,

    Defendant.

**MEMORANDUM AND ORDER**

Plaintiff Guadalupe Adams seeks injunctive relief and attorney's fees against defendant Keystone Properties, Inc. for alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*. ("ADA"). On February 12, 2015, plaintiff filed an Application for Clerks Entry of Default (Dkt. 5) claiming that defendant failed to plead or otherwise respond to the Complaint. The Clerk's Entry of Default was entered on March 3, 2015. Dkt. 6. Before the court is defendant's Motion to Set Aside Clerk's Entry of Default, filed on March 25, 2015. Dkt. 9. For the reasons stated below, defendant's motion is granted.

**I.    Factual and Procedural Background**

Plaintiff commenced this action on December 8, 2014. Dkt. 1. On December 29, 2014, plaintiff provided proof that defendant had been served via its registered agent, Corporate Creations Network, Inc. ("Corporate Creations"), on or about December 19, 2014. Dkt. 4. After defendant failed to respond within the prescribed amount of time, the clerk, upon motion of plaintiff, entered default.

1

According to defendant, Corporate Creations emailed the Complaint and summons to Jeff Roberts, defendant's Director of Real Estate, on or about December 22, 2014. Dkt. 9, at 1. However, Roberts did not learn about the Complaint or summons until February 2, 2015, when he received an invoice from Corporate Creations. Dkt. 9, at 1. Upon inquiring what the invoice was for, Roberts received, allegedly for the first time, a copy of the Complaint and summons. Dkt. 9, at 1. According to defendant, Roberts subsequently discovered that Corporate Creations' December 22, 2014, email containing the Complaint and summons was immediately sent to his "junk" email folder, where it remained unread. Dkt. 9, at 1-2. Corporate Creations has confirmed that its only method of notification was via email. Dkt. 9, at 2.

Upon its receipt of the Complaint and summons, defendant immediately tendered the documents to its insurance carrier, AIG, assuming that its policy would cover an ADA complaint. Dkt. 9, at 2. Further investigation has revealed that defendant's insurance policy does not, in fact, cover ADA complaints. Dkt. 9, at 2. On March 6, 2015, defendant received a denial of coverage from AIG. Dkt. 9, at 2. Defendant then forwarded this denial of coverage, along with the Complaint and summons, to its general legal counsel in Oklahoma. Dkt. 9, at 2. Roberts was subsequently notified of the need to secure Kansas counsel, which he did on March 20, 2015. Dkt. 9, at 2.

## II.     Legal Standard

Whether to set aside a clerk's entry of default is solely within the discretion of the trial court. *Meissner v. BF Labs Inc.*, 2014 U.S. Dist. LEXIS 18714, at *1 (D. Kan. Feb. 14, 2014). The court may "set aside an entry of default for good cause." FED. R. CIV. P. 55(c). "The good cause standard is something less than the excusable neglect showing which must be made for relief from judgment under rule 60(b)." *Perez v. Dhanani*, 2015 U.S. Dist. LEXIS 12494, at *4

(D. Kan. Feb. 3, 2015) (citing *Meissner*, 2014 U.S. Dist. LEXIS 18714, at *1-2). Generally, the court considers three factors when determining good cause under Rule 55(c): "(1) whether the default was the result of culpable conduct of the defendant, (2) whether plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." *Hunt v. Ford Motor Co.*, 1995 U.S. App. LEXIS 24463, at *9 (10th Cir. Aug. 29, 1995). These factors are not exclusive, and the court may consider other factors. *Olivas v. Brentwood Place Apartments, LLC*, 2010 U.S. Dist. LEXIS 130933, at *6 (D. Kan. July 26, 2010).

The standard for setting aside an entry of default is liberal because "[t]he preferred disposition of any case is upon its merits and not by default judgment." *Crutcher v. Coleman*, 205 F.R.D. 581, 584 (D. Kan. 2001) (quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)). The court must "balance the interests of the defendants in the adjudication of the case on the merits, against the interest of the public and the court in the orderly and timely administration of justice." *McCook v. Flex Fin. Holding Co.*, 2008 U.S. Dist. LEXIS 35372, at *5 (D. Kan. Apr. 29, 2008) (citing *Hunt v. Kling Motor Co.*, 841 F. Supp. 1098, 1106 (D. Kan. 1993)). The Tenth Circuit has stated:

> [T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection . . . . [A] workable system of justice requires that litigants not be free to appear at their pleasure.

*Kiewel v. Balabanov*, 2011 U.S. Dist. LEXIS 49769, at *8 (D. Kan. May 9, 2011) (quoting *In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991)).

### III. Legal Analysis

At the outset, defendant notes that plaintiff has no objection to its Motion to Set Aside. Dkt. 9, at 2-3. Indeed, the date for plaintiff to file a response has come and gone without plaintiff's objection. That alone, in the eyes of this court, at least at this early stage of litigation, is sufficient to grant the Motion. However, in the interest of completeness, the court undertakes the fuller analysis.

### A. Defendant's Culpability

In determining culpability, the court must consider whether defendant "defaulted willfully or has no excuse for the default." *Meisner*, 2014 U.S. Dist. LEXIS 18714, at *2 (citing *United States v. Timbers Preserve, Routt Cnty., Colo.*, 999 F.2d 452, 454 (10th Cir. 1993)). There is no such evidence of willful disobedience here. It appears that defendant did not become aware of the lawsuit until almost one month after the answer was due. Upon learning of the lawsuit, defendant timely turned the Complaint over to its insurance carrier, assuming that its policy would cover ADA complaints. By the time that defendant learned that its policy did not, in fact, cover such complaints, the clerk's entry of default had already been entered. Defendant then acted quickly to secure local counsel and file the pending motion.

### B. Risk of Prejudice to Plaintiff

There is no risk of prejudice to plaintiff. First, as noted above, plaintiff has no objection to this motion. Dkt. 9, at 2-3. Furthermore, this litigation is in its infancy and it appears that discovery has not even begun. The brief delay that will be caused by allowing defendant to answer the complaint will not impair plaintiff's ability to litigate her case. *See Kiewel*, 2011 U.S. Dist. LEXIS 49769, at *8 (finding no prejudice in setting aside the clerk's entry of default more

4

than eight months after it had been entered); *see also McCook*, 2008 U.S. Dist. LEXIS 35372, at *7 (finding no prejudice where "[l]ittle discovery, if any, has been exchanged.").

**C.     Meritorious Defense**

"The burden to show a meritorious defense is light. The party moving to set aside default must make a sufficient elaboration of facts to permit the trial court to judge whether the defense, if movant's version were believed, would be meritorious." *McCook*, 2008 U.S. Dist. LEXIS 35372, at *7 (quoting *Super Film of Am., Inc. v. UCB Films, Inc.,* 2004 U.S. Dist. LEXIS 21643, at *4 (D. Kan. Sept. 23, 2004)). Here, defendant alleges that the property in question, the Dollar General location in Arkansas City, Kansas, was constructed in 2000 in compliance with the ADA's 1991 accessibility standards. Dkt. 9, at 4. Defendant is therefore under no obligation to make modifications to align the property with the ADA's 2010 standards. Dkt. 9, at 4. The court finds defendant's assertion to meet the minimal standard necessary to show a possible meritorious defense.

**IT IS THEREFORE ORDERED** this 14th day of April, 2015, that defendant's Motion to Set Aside Clerk's Entry of Default (Dkt. 9) is hereby granted.

s/J. Thomas Marten  
J. Thomas Marten  
Chief Judge